UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDEPRIZE LLC d/b/a PRIZEPICKS,<br><br>                   Plaintiff,<br><br>        v.<br><br>HO'JNE CAPITAL,<br><br>                   Respondent. | Case No.  1:25-mc-00089-BAM<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST TO SEAL DOCUMENTS IN ACCORDANCE WITH LOCAL RULE 141**<br><br>(Doc. 2) |

### I.   BACKGROUND

This action is brought by Plaintiff Sideprize LLC d/b/a Prizepicks ("Plaintiff") against Respondent Ho'jne Capital ("Respondent").  (Doc. 1.)  Currently pending before the Court is Plaintiff's Request to File Documents Under Seal.  (Doc. 2.)  This sealing request is in connection with Plaintiff's Motion to Compel Respondent to produce documents responsive to Plaintiff's Subpoena in a related action pending in the Northern District of Georgia entitled *Vetnos, LLC v. SidePrize LLC d/b/a PrizePicks*, 1:23-cv-02746 (N.D. Ga.).  (Doc. 1.)

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  "[J]udicial records are public documents almost by definition, and

1 the public is entitled to access by default." *Id.* at 1180. This "federal common law right of
2 access" to court documents generally extends to "all information filed with the court," and
3 "creates a strong presumption in favor of access to judicial documents which can be overcome
4 only by showing sufficiently important countervailing interests." *Phillips ex. Rel. Estates of Byrd*
5 *v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks
6 omitted).

7     Two standards govern whether documents should be sealed: a "compelling reasons"
8 standard, which applies to dispositive motions, and a "good cause" standard, which applies to
9 non-dispositive motions. *Kamakana*, 447 F.3d at 1179; *see also Pintos v. Pac. Creditors Ass'n*,
10 605 F.3d 665, 677-78 (9th Cir. 2010). The "good cause" standard, which is applicable here,
11 presents a lower burden for the party wishing to seal documents. *Pintos*, 605 F.3d at 678. Courts
12 determine whether good cause exists to protect the information from being disclosed to the public
13 by "balancing the needs for discovery against the need for confidentiality." *Id.* (quoting *Phillips*,
14 307 F.3d at 1213).

15     Plaintiff requests leave to file the following documents under seal: (1) the Motion to
16 Compel Respondent Ho'jne Capital to comply with the document subpoena, (2) Exhibits E-I to
17 the supporting declaration of Maxwell Pritt; and (3) Exhibits A, B, and M to the supporting
18 declaration of Maxwell Pritt. (Doc. 2 at 2.) Plaintiff explains that it seeks to seal these
19 documents "because, as contemplated by Local Rule 140(a)(vi), the information in those
20 documents has been designated 'Attorneys' Eyes Only' by Vetnos LLC" in the related action.
21 (Doc. 2 at 2.) Plaintiff further explains that it is obligated to comply with the protective order
22 entered by the Court in the related action, and that "filing 'Attorneys' Eyes Only' information on
23 this Court's public docket without appropriate redaction of confidential information would
24 constitute a violation" of the protective order. (Req. to File Under Seal at 1.)

25     Plaintiff states that the Request to File Documents Under Seal, Proposed Order, and
26 proposed sealed documents were served on all parties and on Respondent Ho'jne Capital in
27 accordance with Local Rule 141. (*Id.*) Respondent has not filed objections, and the time to do so
28 has since passed.

## II. DISCUSSION

Plaintiff has not provided the Court with enough information to demonstrate that good cause exists to seal the aforementioned documents. Accordingly, the Court cannot grant its sealing request.

The fact that documents are labeled "For Attorney's Eyes Only" is insufficient on its own to show good cause to seal material attached to a non-dispositive motion. *See Thao v. Swarthout*, No. 2:21-CV-00731-KJM-AC, 2024 WL 3904874, at *1 (E.D. Cal. Aug. 22, 2024) (denying plaintiffs' request to seal two exhibits where they fail to provide evidence of good cause beyond stating the documents were obtained pursuant to a subpoena and labeled "for attorney's eyes only"); *Trove Brands, LLC v. TRRS Magnate LLC*, No. 2:22-CV-02222-TLN-CKD, 2024 WL 307748, at *1 (E.D. Cal. Jan. 26, 2024) ("The request to seal also does not set forth a specific statement of good cause to seal, instead stating only that [Plaintiff] seeks to seal the document because it was designated 'Highly Confidential Attorneys Eyes Only' by [Defendant]. This does not suffice to show good cause.") Nor is it sufficient to seek to seal material on the sole basis that the material is designated "Confidential" or "Highly Confidential" under an existing protective order. *See Anderson v. Marsh*, 312 F.R.D. 584, 594 (E.D. Cal. 2015) ("Further, neither the parties' agreement that documents shall be filed under seal, nor a party designating documents as confidential, is sufficient to meet the good cause standard."); *see also* L.R. 141(a) ("To ensure that documents are properly sealed, specific requests to seal must be made *even if an existing protective order, statute, or rule requires or permits the sealing of the document.*") (emphasis added).

Local Rule 141(b) requires a party seeking to file documents under seal to "set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." L.R. 141(b). The party seeking to file documents under seal should also "set forth a specific statement of good cause to seal," that shows that "specific prejudice or harm will result if the request to seal is denied." *Trove Brands, LLC*, 2024 WL 307748, at *1. Plaintiff has not offered a sufficient explanation for sealing the aforementioned documents. Accordingly, Plaintiff's sealing request

will be denied without prejudice.

### III.     CONCLUSION AND ORDER

The Court has reviewed Plaintiff's Notice of Request to Seal Documents, Request to File Under Seal, and the unredacted documents in question.  IT IS HEREBY ORDERED THAT:

1. The Court **DENIES WITHOUT PREJUDICE** Plaintiff's sealing request and DIRECTS Plaintiff to show good cause for sealing these documents within **fourteen (14) days** from the date of this Order; and
2. If Plaintiff does not show good cause, the Court will order the documents to be filed unsealed.

IT IS SO ORDERED.

Dated:   **November 18, 2025**            /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE

4